IKUTA, J.,
dissenting.
In concluding that there is a genuine issue of material fact as to whether the insurance issued by N.Y. Marine to DairyAmerica covered shipments that commenced before the policy’s inception date, the majority ignores controlling California law. Insurance binders like the one issued by N.Y. Marine in this case are incomplete, informal, and temporary contracts that are “subject to the terms and conditions of the policy to be issued or of the policy ordinarily used by the company, or, if there is a standard policy in the jurisdiction, according to the terms and conditions of that policy, and it is presumed that the *177 parties contemplated such a policy, containing such conditions and limitations.” Parlier Fruit Co. v. Fireman’s Fund Ins. Co., 151 Cal.App.2d 6, 311 P.2d 62, 71 (Cal.Ct.App.1957) (quoting 44 C.J.S. § 230, at 958); see also Chi. Title Ins. Co. v. AMZ Ins. Servs., Inc., 188 Cal.App.4th 401, 115 Cal.Rptr.3d 707, 725 (Ct.App. 2010); Nat’l Emblem Ins. Co. v. Rios, 275 Cal.App.2d 70, 79 Cal.Rptr. 583, 586-87 (Ct.App.1969); 16 Williston on Contracts § 49:53 (4th ed.2010).
Here N.Y. Marine’s formal policy stated that the “insurance attaches to all shipments commencing on or after August 11, 2005 and prior to October 1, 2006.... ” Thus, the policy did not cover shipments commencing before August 11, 2005. Nor has DairyAmerica offered any evidence that the standard policy ordinarily used by N.Y. Marine, or California’s standard ocean marine cargo policy, covers goods in transit before the policy’s inception. The binder did not alter the terms of the formal policy: it did not state that it covered goods in transit, and no language in the binder is susceptible to that interpretation. Therefore, under California law, the terms and conditions of the formal policy are controlling.
The only evidence that DairyAmerica offers to support its contention that the insurance policy covers shipments that commenced before the policy’s inception date is an expert’s statement that a “ ‘Lost or Not Lost’ clause as used in ocean marine insurance provides that the insurer will pay even if the loss insured against has occurred prior to the effective date of the insurance.” But the “lost or not lost clause” in DairyAmeriea’s binder states only that the “Geographical Limits” of the insurance includes goods “lost or not lost, from ports and/or places in the world directly or via ports and/or places in any order” including shipment of the goods by land, air or water and while the goods are in storage. The clause does not state that it covers goods in transit, and cannot reasonably be interpreted as doing so.
Since DairyAmerica did not obtain an insurance policy covering shipments that commenced before August 11, 2005, and there is not a genuine issue of material fact as to this issue, I would affirm the district court.